# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | | |
|---|---|---|
| Kohler Co., | ) | Civil Action No. 7:13-03511-JMC |
| | ) | |
|         Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Russell T. Infinger and Nexsen Pruet, LLC, | ) | **ORDER AND OPINION** |
| f/k/a Nexsen Pruet Adams Kleemeier, LLC | ) | |
| and f/k/a Nexsen Pruet Jacobs & Pollard, | ) | |
| LLP, | ) | |
| | ) | |
|         Defendants. | ) | |
| _____ | ) | |

Plaintiff Kohler Co. ("Kohler") filed this legal malpractice action against its former attorney, Russell T. Infinger ("Infinger"), and his law firm, Nexsen Pruet, LLC f/k/a Nexsen Pruet Adams Kleemeier, LLC and f/k/a Nexsen Pruet Jacobs & Pollard, LLC (collectively "Nexsen Pruet"). (ECF No. 1.)

This matter is before the court by way of a motion by Kohler for recusal of the undersigned from this matter pursuant to 28 U.S.C. § 455(a). (ECF No. 13.) Specifically, Kohler asserts that the undersigned should be disqualified based on a prior employment relationship with Nexsen Pruet when it was known as Nexsen Pruet Jacobs & Pollard, LLP. (ECF No. 13-1 at 1-2.) Nexsen Pruet opposes Kohler's motion for recusal. (ECF No. 14.) For the reasons set forth below, the court **DENIES** Kohler's motion for recusal.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

The undersigned was employed by Nexsen Pruet Jacobs & Pollard, LLP from 1991 to 2000, first as a summer associate (1991), then as an associate (1992-1999), and finally as a partner (2000). (E.g., ECF No. 13-1 at 1.) Thirteen (13) years after the undersigned left Nexsen Pruet Jacobs & Pollard, LLP, Kohler filed its complaint against Infinger and Nexsen Pruet on

December 17, 2013, alleging legal malpractice claims for breach of contract and negligence. (ECF No. 1.) On December 20, 2013, the undersigned directed civil case manager, Miranda Brooks, to send the following email to counsel for Kohler: "Judge Childs wanted me to let you all know that she was once a partner at Nexsen Pruet, LLC. She would like to know if, based on that information, would you like the case reassigned?" (See ECF No. 13-2 at 1.)

Thereafter, on February 10, 2014, Kohler filed a motion for recusal asserting that (1) "a reasonable person would question the judge's impartiality where the judge has been a partner and otherwise affiliated with a Defendant in the case" and (2) the undersigned had her "own misgivings regarding impartiality." (ECF No. 13-1 at 3.) In response to Kohler's motion, Nexsen Pruet argues that "an average person would not reasonably question . . . [the undersigned's] impartiality based on the email sent by the civil case manager . . . [to Kohler's] counsel three days after the Complaint." (ECF No. 14 at 6.) Nexsen Pruet further argues that "[t]here is nothing in the email which would suggest the Court has 'its own misgivings' to an average person . . . [r]ather, . . . the email was simply to inform . . . [Kohler] of the . . . [undersigned]'s prior employment in order to be fair since clearly . . . [Nexsen Pruet] would know that . . . [the undersigned] was once a partner at Nexsen Pruet Jacobs & Pollard, LLP and give . . . [Kohler] the option to voice any potential concerns." (Id.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     Recusal of Federal Judges Generally

Recusal of federal judges is generally governed by 28 U.S.C. § 455. Section 455 provides in pertinent part that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In the Fourth Circuit, this standard is analyzed objectively by considering

whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). The "reasonable person" is not a judge, but is a "well-informed, thoughtful observer," who is not "hypersensitive or unduly suspicious." Rosenberg v. Currie, C/A No. 0:10–1555–DCN–PJG, 2010 WL 3891966, at *1 (D.S.C. Sept. 3, 2010) (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998); In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)); see also Cherry, 330 F.3d at 665 ("A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.'") (citation omitted).

Section 455 also provides a list of other specific situations where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). For example, a judge is disqualified "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . ." 28 U.S.C. § 455(b)(1). Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1025 (7th Cir. 2000).

The requirement that a trial judge recuse himself under guidelines enunciated in 28 U.S.C. § 455 recognizes the importance of preserving a "fair and impartial tribunal [as] the basic guardian of all cherished notions of due process embodied in the Constitution of the United States." Lindsey v. City of Beaufort, 911 F. Supp. 962, 967 (D.S.C. 1995) (citing In re Murchison, 349 U.S. 133 (1955)).

B.     The Court's Review

The court notes that the sentiment behind the December 20, 2013 email is most accurately expressed in the comment by Nexsen Pruet that the email was not meant to express the court's misgivings but simply to inform Kohler of the undersigned's prior employment by

3

Nexsen Pruet Jacobs & Pollard, LLP and give Kohler the option to voice any potential concerns. After reviewing aforementioned concerns of Kohler, the court is not convinced that the undersigned's employment with Nexsen Pruet Jacobs & Pollard, LLP thirteen (13) years ago is a valid basis by itself to grant the pending motion for recusal. See, e.g., Oriental Fin. Grp., Inc. v. Fed. Ins. Co., Inc., 450 F. Supp. 2d 169, 170 (D.P.R. 2006) ("The fact that the undersigned worked at McV in 2001 as special litigation counsel for a period of six months does not warrant recusal under Section 455(a)"); Alvarado Morales v. Digital Equip. Corp., 699 F. Supp. 16, 19 (D.P.R. 1988) ("All judges come to the bench with a background of experiences, associations and viewpoints. This background alone is seldom sufficient in itself to provide a reasonable basis for recusal."). Additionally, Kohler has not presented any facts to suggest that the undersigned is aware of any of the allegations in the complaint or otherwise has personal knowledge of this lawsuit. Therefore, the court concludes that the record does not support a finding of partiality, bias, prejudice, or personal knowledge of disputed evidentiary facts, which would require the undersigned to withdraw from this matter. Accordingly, the motion for recusal must be denied.

### III.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES** the motion by Plaintiff Kohler Co. for recusal of the undersigned. (ECF No. 13.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 16, 2014
Columbia, South Carolina

4